Barbara **LAWRENCE** et al., Plaintiffs,

v.

**HOBAN MANAGEMENT, INC. et al., Defendants.**

**Case No. 14cv1753 DMS (DHB).**

United States District Court, S.D. California.

Signed May 7, 2015.

Craig P. Fagan, Law Offices of Craig P. Fagan, San Diego, CA, for Plaintiffs.

Kimberly S. Oberrecht, Nathaniel James Michels, Horton Oberrecht Kirkpatrick & Martha, San Diego, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION OF DISCOVERY RULING

DANA M. SABRAW, District Judge.

In this action for violation of the Fair Housing Act, Plaintiffs filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 72(a), objecting to the magistrate judge's ruling with respect to Plaintiffs' motion to compel further responses to interrogatories. Defendants filed a response, and Plaintiffs filed a reply. For the reasons which follow, Plaintiffs' objections to the discovery ruling are sustained in part and overruled in part.

A district court's review of a magistrate judge's order on a non-dispositive motion is limited. Rulings on discovery motions, such as the present motion, are non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b). A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.Proc. 72(a).

In their complaint, Plaintiffs allege that Defendants have operated an apartment complex in a discriminatory manner by discriminating against families with children. Specifically, Plaintiffs allege that Defendants have violated fair housing laws by prohibiting children from playing outside in common areas of the apartment complex and threatening families with eviction if their children played outside.

By interrogatory, Plaintiffs sought to discover the telephone numbers of over 50 current and former tenants who had children living with them at the apartment complex. Plaintiffs argue information gathered from current and former tenants would be highly relevant to determining

whether Defendants engaged in a pattern and practice of discrimination against families with children. Plaintiffs point out that telephone numbers are the easiest and best way to contact a person, as telephone numbers remain with people even when they move. Plaintiffs also note that contact by telephone is much less expensive than "spending $500 on the deposition of *each* tenant."[1] (Original emphasis.) Plaintiffs further point out that addresses alone are problematic: if a tenant has not filed a forwarding address with the post office after moving, it can be difficult to locate that individual.

On March 17, 2015, Magistrate Judge David Bartick denied Plaintiffs' motion to compel production of telephone numbers for these tenants. The ruling was based on a balancing of competing interests: Plaintiffs' need for discovery, on the one hand, against the privacy rights of third parties, on the other. Plaintiff do not dispute that a balancing test applies, as their discovery requests seek disclosure of personal information. The Magistrate Judge determined that because Defendants already had voluntarily produced the tenants' names and addresses, the need for telephone numbers was not sufficiently compelling to outweigh the tenants' privacy interests.

Clearly, Plaintiffs have received sufficient information from Defendants to contact the tenants. But Plaintiffs want the telephone numbers so they can call and quickly determine whether the tenant "has relevant information."

The essence of Plaintiffs quarrel with the Magistrate Judge's ruling is that it elevates "not so sensitive" privacy rights over an effective and cost efficient discovery technique—a phone call. Plaintiffs accurately point out that courts often authorize the release of telephone numbers for *potential witnesses;* indeed, Federal Rule of Civil Procedure 26(a)(1)(A)(i) expressly provides for release of telephone numbers for "individual[s] *likely* to have discoverable information."[2] (Emphasis added.) The cases cited by Plaintiffs, however, all involve disclosure of telephone numbers for persons identified as witnesses, potential parties to class litigation, or similarly-situated employees who likely would have relevant information. *See, e.g., Vasquez v. County of Los Angeles,* 349 F.3d 634, 641 (9th Cir.2003) (similarly-situated employees to help establish pretext in employment discrimination case); *Wellens v. Daiichi Sankyo, Inc.,* No. C–13–00581 (N.D.Cal.2014) (members of putative class). In these circumstances the privacy rights associated with a telephone number give way as such persons likely have discoverable information, or are, or may become, a party to the litigation itself.

Here, Plaintiffs have characterized the tenants as "potential witnesses" and argue the foregoing cases provide authority for disclosure of their telephone numbers. Plaintiffs also have argued the tenants are "similarly situated" to Plaintiffs, and like

1. It appears Plaintiffs are free to contact the tenants in-person. Plaintiffs reference orders in other district court cases where contact is limited to "writing to inform the tenants that counsel wishes to talk to the tenants about th[e] lawsuit and provide contact information for counsel or for counsel's investigator." There is no indication here that Judge Bartick similarly curtailed tenant contact.

2. Rule 26(a)(1)(A)(i) provides that a party must, without awaiting a discovery request, provide to the other party "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses...." (Emphasis added.)

similarly situated employees, they are likely to have relevant information to prove discrimination. But simply affixing labels is not sufficient. It is true that the tenants *may* have comparative information that will assist Plaintiffs in proving discrimination, but no showing has been made that they *likely* will have discoverable information sufficient to warrant disclosure of their telephone numbers.

Plaintiffs describe the tenants as a "lot," and as noted, argue they are "similarly situated" with Plaintiffs. Yet, Plaintiffs concede they don't know what these tenants know, quite possibly nothing. There are over "50 potential witnesses," according to Plaintiffs, and they don't know "what many of them might have seen[.]" A "simple phone call will weed out the good witnesses from the irrelevant witnesses[.]" By Plaintiffs own admission, this is a fishing expedition to determine who among the 50 or so tenants has relevant information.

One cannot assume that all tenants with children, no matter their ages, are similarly situated with Plaintiffs, much less have any knowledge about the events alleged in this lawsuit.[3] Some tenants might have older, well-behaved children who are particularly delightful and thus, have not been confronted by Defendant's apartment manager; others might have particularly precocious youngsters who flit about and quickly get sideways with the manager; others might be situated away from the common area, or keep their children close-by or indoors, thus having no adverse contact with management; and still others might have firsthand experience, or seen or heard encounters between management and tenants with children, relating to the alleged discriminatory practices, and thus possess discoverable information. The record simply is undeveloped. Without more precise interrogatories, Plaintiffs have not identified tenants who likely have relevant information.[4]

Plaintiffs complain that the Magistrate Judge did not explain "why this particular lot of witnesses was to be shielded from releasing their telephone numbers when the telephone numbers of witnesses in every other area of law are to be produced." But that is not so. Judge Bartick explained that, "Plaintiffs have failed to demonstrate that every single tenant, or any particular third party tenant, is likely to have discoverable information."

The privacy right at issue is a person's right to keep personal information confidential. *Whalen v. Roe*, 429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) (recognizing a constitutional right to nondisclosure of one's personal information). Defendants have already agreed, after a meet and confer session, to produce the tenants names and addresses, apparently recognizing Plaintiffs' requests for comparative discovery. These tenants, then, have privacy rights that already have been significantly chipped away. With names and addresses, Plaintiffs can contact the tenants by letter or in-person through, for example, a paralegal or investigator. What's at stake is a privacy interest not to be contacted by telephone. It is undisputed that receiving unsolicited phone calls does implicate pri-

---

3. In contrast, similarly situated employees often have the same duties, superiors and work environment. Thus, they are likely to have relevant comparative information.

4. Interrogatory No. 3 seeks "the name, telephone number, and apartment number of any tenant ... who has minor children living with them." Interrogatory No. 4 seeks "the name, last known address, and telephone number of any tenant ... who moved out within the last 15 months and who had minor children living with them[.]" Thus, the interrogatories seek personal information of all tenants with children without regard to whether the tenant is likely to have discoverable information.

vacy concerns—minimal as they may be in this case in light of the earlier disclosure of home addresses. Nevertheless, people don't like unsolicited telephone calls and the law recognizes that fact. *See, e.g.,* Telephone Consumer Protection Act, 47 U.S.C. § 227 (prohibiting unsolicited sales calls and texts).

Judge Bartick found that "Plaintiffs have offered no compelling need for obtaining tenants' telephone numbers when Plaintiffs already possess the tenants' names and addresses." He further held that "while Plaintiffs may characterize the tenants' privacy interest in their telephone numbers as slight, even a slight privacy interest outweighs the absence of any [demonstrated] need for the information." *See Artis v. Deere & Co.,* 276 F.R.D. 348, 352 (N.D.Cal.2011) ("Compelled discovery within the realm of the right of privacy 'cannot be justified solely on the ground that it may lead to relevant information.' ") (internal citations omitted). On the present record, the Court declines to conclude that the Magistrate Judge's order was clearly erroneous or contrary to law. The parties already agreed to produce names and addresses. With such information, Plaintiffs can contact the identified tenants by letter or in-person. The Magistrate Judge's order *allows* contact of all the tenants—even those who may have no information (and for whom no showing was made that the tenant likely possesses discoverable information)—but simply controls the medium in which they may be contacted. District courts have broad discretion to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(C)(i).

With respect to the one tenant whose mail was returned as undeliverable, Plaintiffs' motion is granted. While no showing has been made that tenant is likely to have discoverable information, Plaintiffs have established that the tenant is part of a "comparative" group that may have relevant information. Defendants already agreed to provide some personal information as to that group of individuals, including names and addresses. Because that tenant's mail was returned as undeliverable, it is not unreasonable to allow Plaintiffs another avenue of contact. Accordingly, as to that tenant and any other tenant whose mail is returned as undeliverable, the balance between their right of privacy and Plaintiffs' right to discovery tips in Plaintiff's favor. Plaintiffs also contend they did not receive contact information for the apartment manager, Kathy Virissimo. Defendants admit they did not provide an address, but state they produced a telephone number instead. Ms. Virissimo is clearly a potential witness as she is the manager accused of wrongdoing. Defendants, therefore, properly disclosed her phone number. Fed.R.Civ.P. 26(a)(1)(A)(i).

For the foregoing reasons, Plaintiffs' objection is sustained in part and overruled in part. Accordingly, Plaintiffs' motion for reconsideration is granted in part and denied in part.